# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MANUEL ROMAN, JR., | : | CIVIL NO.: 1:16-CV-02101 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| DAUPHIN COUNTY COURT | : | |
| OF COMMON PLEAS, | : | |
| | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

**I. Introduction.**

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241 by Jose Manuel Roman, Jr. ("Roman"). Because it appears that Roman was not "in custody" at the time he filed his petition, the Court lacks the requisite jurisdiction to consider it. As such, the Court should dismiss his petition.

**II. Background.**

On October 13, 2016, Petitioner Jose Manuel Roman, Jr. ("Roman") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with an application to proceed *in forma pauperis*. *See docs. 1*, *2*. Because it appeared that Roman was qualified to proceed *in forma pauperis*, we granted his application on November 4, 2016. *See doc. 5*. Because it further appeared, however, that Roman

did not satisfy the "in custody" requirement of the federal habeas statute, we ordered Roman to show cause, on or before November 18, 2016, why this action should not be dismissed based on his failure to satisfy that requirement. *See id.* Specifically, we concluded that although Roman asserted that he had been incarcerated and placed on probation in the "past," he had not asserted that he was *currently* incarcerated or on probation at the time he filed his petition. *See doc. 1* at 2. We further concluded that even though Roman marked on his application to proceed *in forma pauperis* that he is, in fact, "incarcerated" at the Dauphin County Prison, he also disclosed in that same application, that he has regular monthly expenses, including a $400 expense in rent, a $200 expense in food, and at least a $50 dollar expense in hygiene and cleaning products. *Doc. 2* at 1, 2. Finally, while we did not expressly note this in our previous show cause order, we also observe that Roman has listed various items of contact information in his petition, including a cell phone number, an e-mail address, and a mailing address, none of which leave the Court with a reasonable basis to infer that he is actually "incarcerated" at the Dauphin County Prison. *See doc. 1* at 1. And, despite Roman being afforded until November 18, 2016, to show cause why his petition should not be dismissed for failure to satisfy this "in custody" requirement, he has failed to do so.[1] Thus, in accordance with Rule 4 of the Rules Governing Section 2254 Cases

---

[1] In the event that Roman was able to satisfy the "in custody" requirement, he was

in the United Sates District courts, we have reviewed the petition and conclude that it plainly appears that Roman does not satisfy the "in custody" requirement of the federal habeas statute. As such, the Court should dismiss Roman's petition based on a lack of jurisdiction.

**III. Discussion.**

Rule 4 provides in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

*See* 28 U.S.C. § 2254 Rule 4 (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241). Therefore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989) (instructing that dismissal without the filing of a responsive pleading is warranted "if it appears on the face of the petition that petitioner is not entitled to relief.").

---

also directed, in our show cause order, to inform the Court whether his § 2241 petition should actually be construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, since it appeared that he was challenging a state court conviction. *See doc. 1* at 1 (listing six Pennsylvania Court of Common Pleas criminal docket numbers). Roman, who failed to show cause, also failed to notify the Court whether his petition should actually be construed as a § 2254 petition.

Here, the petition should be summarily dismissed because it plainly appears that Roman does not satisfy the "in custody" requirement for habeas corpus jurisdiction. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3); citing 28 U.S.C. § 2254(a)) (emphasis in original). "Thus, custody is the passport to federal habeas corpus jurisdiction." *U. S. ex rel. Dessus v. Com. of Pa.*, 452 F.2d 557, 560 (3d Cir. 1971); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."). Because it appears on the face of the petition that Roman was not "in custody" at the time he filed the petition, he does not satisfy this jurisdictional requirement. As such, the Court should dismiss his petition without further proceedings. *See, e.g.*, *Harmon v. Long*, No. 3:15-CV-0149, 2015 WL 1275285, at *2 (M.D. Tenn. Mar. 18, 2015) ("Thus, § 2241 clearly incorporates an 'in custody' requirement. The custody requirement is a jurisdictional one; if a petitioner is not 'in custody' at the time the petition is filed, the court lacks jurisdiction to consider it." (citing *Maleng*, 490 U.S. at 490–91)). [2]

---

[2] Notably Roman's silence, when given an opportunity to show that he does, in

## IV. Recommendation.

Accordingly, for the foregoing reasons, **WE RECOMMEND** that the petition for a writ of habeas corpus (*doc. 1*) be **DISMISSED** for lack of jurisdiction.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

---

fact, satisfy this requirement, only further buttresses our recommendation that his petition should be dismissed. *See doc. 5* at 1-2 (ordering Roman to show cause why this action should not be dismissed for failure to satisfy the "in custody" requirement).

The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **31st** day of **January, 2017**.

                                        *S/Susan E. Schwab*
                                        Susan E. Schwab
                                        United States Chief Magistrate Judge